UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: : | Case No.: 20-30134 (AMN) |
|     MASSIMO V. CATAPANO, : | Chapter 7 |
|         *Debtor* : | |
| : | |
|     THE CLUBHOUSE GROUP, LLC, : | Adv. Pro. No. 20-03024 (AMN) |
|         *Plaintiff* : | |
| v. : | |
|     MASSIMO V. CATAPANO, : | |
|         *Defendant.* : | Re: AP-ECF No. 125[1] |

# MEMORANDUM OF DECISION AND ORDER
# DENYING PLAINTIFF'S MOTION TO STRIKE
# UNTIMELY ANSWER AND AFFIRMATIVE DEFENSES

Now pending is plaintiff's motion to strike an untimely answer and affirmative offenses. For the reasons that follow, the motion will be denied.

## Nature of the Proceedings

In December of 2017, Clubhouse Group, LLC (the "Plaintiff") and Massimo V. Catapano, the defendant debtor (the "Defendant"), executed an employment contract (the "Contract"). (AP-ECF No. 1, p. 38.) The Contract contained a non-solicitation clause effective during the term of the Contract and for a period of two (2) years thereafter, a non-competition clause effective for two (2) years after termination with a thirty (30) mile radius from the Plaintiff's place of business, and an arbitration clause whereby the parties agreed that all disputes would be settled by an arbitrator. (AP-ECF

---

[1] Citations to the docket of this adversary proceeding no. 20-03024 are noted by "AP-ECF No." Citations to the underlying Chapter 7 case, case number 20-30134, are noted by "ECF No."

No. 1, p. 38, 44-45, 49.)  The parties terminated the Contract in the Fall of 2018.  (AP-ECF No. 1, p. 8.)  The Plaintiff then sued the Defendant in Connecticut's state court seeking injunctive relief for the Defendant's alleged breach of the non-competition clause and the non-solicitation clause (the "State Court Action").  (AP-ECF No. 114, p. 2, n2.)  *See, The Clubhouse Group, LLC. V. Massimo Catapano*, FBTcv-19-6082391-S.  The Plaintiff also initiated proceedings against the Defendant with the American Arbitration Association ("AAA") "for breach of contract; breach of the covenant of good faith and fair dealing; breach of fiduciary duty; tortious interference with contractual relations and tortious interference with business expectancies; violation of the Connecticut Uniform Trade Practices Act; violation of the Connecticut Uniform Trade Secrets Act; unjust enrichment; declaratory judgment for injunctive relief; and defamation" (the "Arbitration").  (*The Clubhouse Group, LLC v. Catapano*, AAA Case No. 01-19-000-0367, p. 3.)

On January 30, 2020 ("Petition Date"), while the Arbitration was still pending, the Defendant commenced the underlying case here by filing a voluntary Chapter 7 bankruptcy petition, scheduling Plaintiff's unsecured claim relating to a "claim of breach of contract, CUTPA, etc."  (ECF No. 1, p. 23.)  The Plaintiff timely objected to the dischargeability of its claims under 11 U.S.C. § 523 as well as Defendant's discharge under 11 U.S.C. § 727 by commencing this adversary proceeding.[2]  (AP-ECF No. 1, 114.)

Plaintiff alleged fourteen bases to determine its claim non-dischargeable, including: breach of good faith and fair dealing under 11 U.S.C. §§ 523(a)(4) and

---

[2]    The Plaintiff filed an Amended Complaint on July 14, 2022, at ECF No. 114.  All references to the Plaintiff's complaint will refer to this Amended Complaint.

2

523(a)(6); breach of fiduciary duty under 11 U.S.C. §§ 523(a)(4) and 523(a)(6); tortious interference with business expectancies under 11 U.S.C. §§ 523(a)(4) and 523(a)(6); violation of the Connecticut Uniform Trade Secrets Act (CUTSA) under 11 U.S.C. §§ 523(a)(4) and 523(a)(6); violation of the Connecticut Unfair Trade Practices Act (CUTPA) under 11 U.S.C. §§ 523(a)(4) and 523(a)(6); unjust enrichment under 11 U.S.C. § 523(a)(6); libel per se under 11 U.S.C. § 523(a)(6); and non-dischargeability of a judgment debt award for breach of contract, tortious interference of contractual relations, and slander per se under 11 U.S.C. § 523(a)(19)(B)(i)).  Plaintiff also objected to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A)(false oath or account) and 727(a)(4)(B)(false claim).  (AP-ECF No. 114, p. 1-2.)

The parties engaged in a mediation effort, but no settlement was reached.  (AP-ECF Nos. 36, 60.)  The Plaintiff sought and received relief from stay to proceed with its State Court Action and Arbitration.  (AP-ECF No. 64.)   The State Court Action was subsequently withdrawn, and the Arbitration proceeded.  (AP-ECF No. 114, p. 2, n2.) In the Arbitration, the arbitrator found (1) the Defendant failed to return a keyboard to the Plaintiff and, as such, committed a breach of the employment contract, and thus awarded Plaintiff the sum of $99.00 plus legal fees; (2) the Defendant committed slander *per se* against the Plaintiff, but that such action did no "measurable damage to the business" of the plaintiff, and awarded $1.00 in nominal damages; and (3) the Defendant tortiously interfered with contractual relations of the Plaintiff, in so committing slander *per se*, but such action did no financial damage to the Plaintiff, and awarded $1.00 in nominal damages.  (AP-ECF No. 122, p. 8; *see also The Clubhouse Group, LLC v. Catapano*, AAA Case No. 01-19-000-0367, p. 5.)  The arbitrator awarded

attorney's fees totaling $36,575.00 to the Plaintiff. (AP-ECF No. 122, p. 8-9; *see also The Clubhouse Group, LLC v. Catapano*, AAA Case No. 01-19-000-0367, p. 2.) The Plaintiff filed an application for an order to confirm the Arbitration award with the Connecticut Superior Court for the Judicial District of Fairfield, at Bridgeport and that court confirmed the Arbitration award, constituting a final judgment because no appeal was taken. (AP-ECF No. 114, p. 5; *see also The Clubhouse Group, LLC v. Catapano*, Docket No. FBTCV216105412S.)

Very late in these proceedings – only weeks ago – the Defendant answered the Amended Complaint and asserted three affirmative defenses. (AP-ECF No. 122.) Plaintiff now argues the court should strike the Defendant's answer in its entirety because it was grossly untimely and highly prejudicial to the Plaintiff because discovery was already closed. (AP-ECF No. 126, p.6.)

<u>Applicable Law and Burden of Proof</u>

Under Fed. R. Civ. P. 12(f), "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Because striking a pleading is a 'drastic remedy,' motions to strike are generally disfavored and require the moving party to 'clearly show that the challenged matter has no bearing on the subject matter of the litigation.' *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008) (quoting 2 Moore's Federal Practice § 12.37 (2d ed. 2007)). In order to succeed on a motion to strike, the movant carries the burden of establishing 'that (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) they would be prejudiced by the inclusion of the defense.' *Walters v. Performant Recovery,*

4

*Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015) (explaining that "[m]ost courts, including the majority in this District, evaluate motions to strike under [this] three-factor test"); *see also GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (discussing these factors)." *Alfonso v. FedEx Ground Package Sys., Inc.*, No. 3:21-CV-1644 (SVN), 2022 WL 4545888 (D. Conn. Sept. 29, 2022).  In addition, "[s]trong public policy favors resolving disputes on the merits." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).

Here, the Plaintiff argues that the Defendant's untimely filing of his Answer to the Amended Complaint is highly prejudicial.  "Whether the [third factor], prejudice, should be a basis for dismissing or opposing the addition of an otherwise valid affirmative defense will normally depend on when the defense is presented . . . [P]rejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation, and challenged by a motion to dismiss or opposed by opposition to a Rule 15(a) motion. *See Anderson v. National Producing Co.*, 253 F.2d 834, 838 (2d Cir. 1958) (motion made on eighth day of trial to amend answer to add affirmative defense properly denied)." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98-99 (2d Cir. 2019).

The Plaintiff argues that the Defendant's untimely Answer and defenses are unfairly prejudicial because they were filed after the close of discovery and Plaintiff is therefore denied the opportunity to discover information to counter Defendant's defenses and allegations.  (AP-ECF No. 126, p. 6.)  The Plaintiff also asserts that the Defendant willfully neglected to respond to the Complaint for 910 days after the original

complaint was served, or 77 days after the Amended Complaint was filed. (AP-ECF No. 126, p. 8.)

The Defendant, on the other hand, argues that the claim that he filed his answer 910 days after the original complaint was filed has no merit because his affirmative defenses were not available until after the conclusion of the Arbitration and the subsequent judgment entered by the Superior Court. (AP-ECF No. 132, p. 6-7.) He asserts that an inherent delay was built into the process when the Plaintiff consented to mediation, asked to proceed to Arbitration, and then requested leave to file an Amended Complaint, signaling that the pleadings would not move forward until such time as that pleading was filed. (AP-ECF No. 132, p. 7.) Finally, the Defendant argues that his defenses are not highly prejudicial to the Plaintiff because they are based entirely on the results of the Arbitration.

While the Defendant's answer and affirmative defenses here was undoubtedly late and the court does not condone late filing, after considering the memoranda presented to the court as well as statements made by counsel at a Pre-Trial Conference held on December 6, 2023, the court does agree with the Defendant that in this case, the risk of prejudice to the Plaintiff of such a late filing – if any – is low. While Plaintiff argues it should have been able to question Defendant at an August 2022 deposition about the basis for two affirmative defenses grounded in *res judicata* and collateral estoppel, those defenses are grounded in determinations of law rather than fact. It is hard to imagine the prejudice to Plaintiff's discovery effort in the case from the late assertion of these two affirmative defenses. Counsel for Plaintiff also acknowledged the third affirmative defense – that Count 13 of the Amended Complaint alleging non-

6

dischargeability based on Bankruptcy Code § 523(a)(19) is inapplicable here because (as Plaintiff concedes) this is not a case involving securities – is a purely legal argument.  *See Abdou v. Walker*, No. 19 CIV. 1824 (PAE), 2022 WL 3334700, at *4 (S.D.N.Y. Aug. 12, 2022) ("[Plaintiff] fails to explain why the passage of this time worked any harm on him so as to overcome the strong public policy of resolving cases on the merits").

Here, granting the Plaintiff's Motion to Strike would produce a harsh result as it would deprive the Defendant of the opportunity to assert any defenses against the Plaintiff's claims of non-dischargeability.  While the Defendant's answer was filed late, the court does not find that the prejudice to the Plaintiff of such late filing outweighs the public policy of deciding this dispute on its merits.  Accordingly, it is hereby

**ORDERED:** The Plaintiff's Motion to Strike Defendant's Answer to the Amended Complaint, AP-ECF No. 125, is DENIED; and it is further

**ORDERED:** The Defendant's shall file a Local Rule 56(a)(1) Statement of Undisputed Material Facts in support of his Motion for Summary Judgment on or before December 13, 2022, *see* D. Conn. L. Civ. R. 56; and it is further

**ORDERED:** On or before January 13, 2023, any opposition to Defendant's Motion for Summary Judgment shall be filed; and it is further

**ORDERED:** On or before January 27, 2023, reply memoranda may be filed; and it is further

**ORDERED:** On March 7, 2023, at 2:00 p.m., a continued Pre-Trial Conference shall be held.

Dated this 6th day of December, 2022, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

7